UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD D. PLUMMER,

               Plaintiff,

v.

WELLS FARGO BANK, N.A.,
as Trustee for Structured
Asset Securities Corporation,
Mortgage Pass-Through
Certificates, Series 2006-OPT1,

               Defendant,
_____/

CASE NO. 2:12-CV-11540
JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION REGARDING DEFENDANT WELLS FARGO'S JULY 16, 2012 MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT (DOC. ENT. 5)**

**I.** **RECOMMENDATION:** The Court should dismiss plaintiff's case against defendant Wells Fargo without prejudice pursuant to Fed. R. Civ. P. 41(b), because he has failed to prosecute this case. If the Court agrees with this recommendation, then it need not rule upon the merits of defendant Wells Fargo's July 16, 2012 motion for judgment on the pleadings and for summary judgment (Doc. Ent. 5).

**II.** **REPORT:**

**A.** **Introduction**

**1.** On December 22, 2005, Harold D. Plummer (Borrower) granted a mortgage to Option One Mortgage Corporation (Lender) with respect to the property commonly known as 9173 Gould Road, Linden, Michigan 48451-9487. Doc. Ent. 3-2 at 11-22, Doc. Ent. 5-2 at 5-16. That

same day, Plummer (Borrower) signed a $236,800.00 Adjustable Rate Note with Option One Mortgage Corporation (Lender). Doc. Ent. 3-2 at 26-29, Doc. Ent. 5-2 at 1-4.

On June 24, 2010, but effective June 10, 2010, the mortgage was assigned from Sand Canyon Corporation FKA Option One Mortgage Corporation to Wells Fargo Bank, N.A., as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-OPT1 ("Wells Fargo"). *See* Doc. Ent. 3-2 at 23-25, Doc. Ent. 5-2 at 19-21. On August 30, 2010, an affidavit was executed to correct the legal description in the assignment of mortgage. Doc. Ent. 5-2 at 18.

On or about June 11, 2010, plaintiff (Borrower) was served with a Mich. Comp. Laws § 600.3205a(1) notice by mail to his last known address. Doc. Ent. 1-2 at 23. On June 15, 2010, a notice was published. Doc. Ent. 1-2 at 25. On September 15, 2010, a foreclosure notice was posted at 9173 Gould Road, Linden, Michigan 48451. Doc. Ent. 1-2 at 24. A foreclosure notice was published on September 13, September 20, September 27 and October 4, 2010. Doc. Ent. 1-2 at 22.

It appears that the sheriff's sale may have been scheduled for October 13, 2010. Doc. Ent. 1-2 at 22, 24. However, on December 1, 2010, the property was sold at a sheriff's sale to Wells Fargo (grantee) for $141,200.00; therefore, the last day to redeem was December 1, 2011. Doc. Ent. 1-2 at 21, 27, 29. *See also* Doc. Ent. 1-2 at 20-29, Doc. Ent. 3-2 at 1-10, Doc. Ent. 5-2 at 22-31.

**2.**    On February 17, 2012, Plummer filed a complaint for quiet title and other relief against Wells Fargo in Livingston County Circuit Court regarding the property commonly known as

9173 Gould Road, Linden, Michigan 48451. Doc. Ent. 1-2 at 3-11. Among other things, plaintiff alleges:

> That the Plaintiff attempted to get a loan modification for the subject property.
>
> That without the knowledge of the Plaintiff, the Defendants held the Sheriff Sale on or about December 1, 2010. . . .
>
> Although, the Plaintiff was aware of a possible Sheriff Sale, the Plaintiff never received notice of the December 1, 2010, Sheriff Sale.
>
> That the Plaintiff did not receive knowledge of the Sheriff Sale.
>
> That since the Sheriff Sale the Plaintiff and their representatives have attempted in good faith to continue with the Loan Modification process to no avail.
>
> That the redemption period for the Sheriff Sale expired on December 1, 2011.

Doc. Ent. 1-2 at 4 ¶¶ 8-13. Plaintiff requests that the Court require defendant "to continue the processing of the Loan Modification on the subject property so that the Plaintiff can enter into a Loan Modification." Doc. Ent. 1-2 at 4 ¶ 14.

The causes of action include (I) quiet title; (II) unjust enrichment; (III) breach of implied agreement/specific performance; and (IV) breach of Mich. Comp. Laws § 600.3205(c). Doc. Ent. 1-2 at 4-9 ¶¶ 15-33. Plaintiff's prayer for relief lists:

> A. Granting Plaintiff all legal title to the subject property described above,
> B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant(s)' actions herein,
> C. Awarding Plaintiff costs and attorney's fees; and
> D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

Doc. Ent. 1-2 at 9.

At the same time, he filed a jury demand and affidavit, as well as a motion for preliminary injunction and an order to show cause. Doc. Ent. 1-2 at 10-11, 12-18.

**3.**     On April 5, 2012, defendant Wells Fargo removed the case to this Court.  Doc. Ent. 1; Doc. Ent. 1-2 at 30-32 (Notice of Filing of Removal).[1]  Defendant Wells Fargo filed its answer on April 12, 2012.  Doc. Ent. 3; *see also* Doc. Ent. 4 (Amended Certificate of Service).

**B.     Pending Motion**

On July 16, 2012, defendant Wells Fargo filed a motion for judgment on the pleadings and for summary judgment.  Doc. Ent. 5.  Therein, Wells Fargo sets forth six (6) arguments:

> I.   Plaintiff's complaint fails in its entirety because plaintiff lacks standing to challenge the sheriff's sale or to claim any interest in the property.
> II.  Plaintiff's complaint fails in its entirety because it is barred by the doctrine of laches.
> III. Plaintiff's complaint fails in its entirety because it is barred by the Statute of Frauds.
> IV.  Plaintiff's quiet title claim (Count I) fails as a matter of law.
> V.   Plaintiff's claim of unjust enrichment (Count II) fails as a matter of law.
> VI.  Plaintiff's breach of M.C.L. 600.3205(c) claim fails because even if plaintiff's allegations are true (which they are not), there is no relief which may be granted to plaintiff after the sheriff's sale occurs for an alleged violation of this statute.

Doc. Ent. 5 at 13-19; *see also* Doc. Ent. 5 at 9.  Wells Fargo seeks (i) entry of judgment in its favor and dismissal of plaintiff's complaint with prejudice, and (ii) an award of costs and fees, including attorney fees, "incurred in having to defend this action[.]"  Doc. Ent. 5 at 20; *see also* Doc. Ent. 5 at 1-2..

Judge Murphy has referred this case to me for pretrial matters.  Doc. Ent. 6.  On July 23, 2012, I entered an order setting the deadline for plaintiff's response for August 20, 2012.  Doc. Ent. 7.

---

[1] Along with the notice of removal from state court, Wells Fargo filed a "STATEMENT OF DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST."  Doc. Ent. 2.

4

**C.     Discussion**

**1.     Wells Fargo's July 16, 2012 motion is unopposed.**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Also, "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B).

Therefore, in the absence of an order stating otherwise, plaintiff's response to defendant's July 16, 2012 dispositive motion was due on or about August 9, 2012. Fed. R. Civ. P. 6(d). However, as indicated above, my July 23, 2012 order (Doc. Ent. 7) gave plaintiff up to and including August 20, 2012 by which to file a response.

To date, plaintiff has not filed a response. Still, "[t]he fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483 (2d Cir. 1996). *See also Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08–11851, 2010 WL 3023808, 1 (E.D. Mich. July 29, 2010) (Rosen, J.) (in an order granting defendants' motion to dismiss and/or for summary judgment, this Court stated, "Plaintiff has failed to file a response. Having reviewed Defendants' brief in support of the motion and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process.") (internal footnote omitted).

**2.     It does not appear plaintiff's address has changed.**

At the time he filed his February 17, 2012 complaint in Livingston County Circuit Court, plaintiff's address was 9173 Gould Road, Linden, Michigan 48451. Doc. Ent. 1-2 at 3.

The Local Rules of this Court provide that "[e]very attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs."  E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

Plaintiff not having filed a change of address/contact information, 9173 Gould Road remains his address of record.  Therefore, the Court assumes plaintiff received its July 23, 2012 order (Doc. Ent. 7).

**3.     The Court should dismiss plaintiff's case against defendant Wells Fargo without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.**

**a.**     Defendant's July 16, 2012 motion is based upon Fed. R. Civ. P. 8 ("General Rules of Pleading"), Fed. R. Civ. P. 12(c) ("Motion for Judgment on the Pleadings.") and Fed. R. Civ. P. 56 ("Summary Judgment").  Doc. Ent. 5 at 6.  Specifically, Wells Fargo moves for "entry of judgment on the pleadings as to Plaintiff's entire action against Wells Fargo," or, alternatively, for "entry of summary judgment[.]"  Doc. Ent. 5 at 1.

However, upon consideration, the Court should dismiss plaintiff's case pursuant to Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect."):

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of

      jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

      "Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 362-363 (6th Cir. 1999). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll*, 176 F.3d at 363 (quoting *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

      "In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

*Knoll*, 176 F.3d at 364.

**b.**    With the exception of his February 17, 2012 Livingston County Circuit Court complaint and related same-day matters (Doc. Ent. 1-2 at 1-19), plaintiff has not filed anything in this case. Coupled with plaintiff's failure to respond to the pending dispositive motion, it appears that plaintiff has abandoned this case.

      Therefore, considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and

(3) in an effort to impose a less drastic sanction, the Court should dismiss plaintiff's claims against defendant Wells Fargo without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b), *White v. Bouchard*, No. 05-73718, 2008 WL 2216281 (E.D. Mich. May 27, 2008) (Hood, J., adopting report and recommendation of Komives, M.J.).[2]

**4.     Wells Fargo's July 16, 2012 request for costs and fees is premature.**

If the Court agrees with my recommendation, then it need not address the merits of Wells Fargo's July 16, 2012 motion (Doc. Ent. 5). In any event, the July 16, 2012 request for an award of costs and fees, including attorney fees (Doc. Ent. 5 at 20), is premature. Should the Court enter judgment in favor of defendant, it may present a bill of costs to the Clerk of this Court pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). If defendant seeks attorney fees, it should follow the procedure set forth in Fed. R. Civ. P. 54(d)(2).

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United*

---

[2] In *White*, my report and recommendation stated: "Considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and (3) the factor of imposing a less drastic sanction before granting defendant's request for dismissal with prejudice, the Court should dismiss plaintiff's complaint without prejudice for failure to prosecute. *Hill v. General Motors Corp.*, No. 88-3588, 1990 WL 25065, *1, *4 n. 2 (6th Cir. Mar.8, 1990) (affirming 'the district court's dismissal, without prejudice, of [a] diversity tort action for failure to prosecute[,]' the Court noted that '[i]n this case, the dismissal was without prejudice; thus, it was on its face a less severe sanction than th[at] authorized under Rule 41(b) and *Link*.' )." *White*, 2008 WL 2216281 at 5.

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Paul J .Komives
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE

Dated: 10/12/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on October 12, 2012.
>
>                              s/Eddrey Butts
>                              Case Manager