UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD D. PLUMMER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
    _____/

Case No. 12-cv-11540

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** (docket no. 8), **DENYING DEFENDANT'S MOTION FOR JUDGMENT** (docket no. 5)**, AND DISMISSING CASE FOR FAILURE TO PROSECUTE.**

This is a mortgage foreclosure dispute. Plaintiff Harold Plummer brought suit to challenge the foreclosure of his home by Defendant Wells Fargo Bank, N.A., as the Trustee for Structured Asset Securities Corporation, Mortgage Pass-through Certificates, Series 2006-OPTI ("Wells Fargo"). The property was sold at a sheriff's sale on December 1, 2010, and Plummer did not redeem the property by the expiration of the redemption period one year later. On February 17, 2012, Plummer, proceeding pro se, brought suit in Livingston County Circuit Court challenging the foreclosure. Wells Fargo removed the case to this Court on April 5, 2012. On July 16, 2012, Wells Fargo moved for judgment on the pleadings. ECF No. 5. The Court referred the matter to a Magistrate Judge, who issued a Report and Recommendation ("Report") suggesting that the case be dismissed without prejudice for failure to prosecute. ECF No. 8.

**STANDARD OF REVIEW**

Report and recommendations for dispositive motions issued by a magistrate judge are reviewed pursuant to Civil Rule 72(b). The district judge who referred the motion is only

required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Here, Wells Fargo and Plummer filed objections to the Report. Those findings will be reviewed de novo by the Court. The remainder of the Report does not require de novo review.

The Magistrate Judge concluded that Plummer's case should be dismissed without prejudice for failure to prosecute. Although Wells Fargo had filed a motion for judgment on the pleadings or, in the alternative, for summary judgment, the Magistrate Judge concluded that, considering discretion of the Court to manage its docket, dismissal under Civil Rule 41 was a better option. The Magistrate Judge noted that not only had Plummer failed to respond to Wells Fargo's motion as required by Local Rule 7.1, Plummer had in fact filed nothing with the Court since the initial filing in Livingston County Circuit Court. Report, ECF No. 8, at 6. Thus, Plummer, who did not appear to have moved or otherwise not receive notice of the recent filings, had failed to prosecute the case. Having reviewed the Report's analysis, in light of the record, the Court finds that its overall conclusion the case be dismissed for failure to prosecute is factually based and legally sound.

## DEFENDANTS' OBJECTION

On October 26, 2012, the Defendants filed an objection to the Report pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). In their objection, the Defendants take issue with the recommendation of the Magistrate Judge to dismiss the case without prejudice; and take issue with the recommendation of the Magistrate Judge to dismiss the case at all on the grounds of failure to prosecute, requesting instead an adjudication on the merits. ECF No. 9, at 3.

The Court will first address Wells Fargo's objection to the recommendation to dismiss for failure to prosecute, rather than an adjudication on the merits. It is, of course, an inherent authority of the courts to decide when and how to terminate cases for failure to prosecute. ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *White v. Bouchard*, 05-73718, 2008 WL 2216281 (E.D. Mich. May 27, 2008) (adopting Report and Recommendation by Komives, M.J.) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)). Here, considering the facts show the case has not, in fact, been prosecuted, the Court finds resolution of the case by a dismissal for failure to prosecute is appropriate.

The Court now considers the proper effect of dismissal. Civil Rule 41 states involuntary dismissal is proper if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). When considering the prejudicial effect of a Rule 41 dismissal, Courts should consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Here, Plummer has both generally failed to prosecute his case, and specifically failed to comply with Local Rule 7.1 mandating responses to motions such as Wells Fargo's motion to dismiss. Although Plummer is proceeding pro se, this does not excuse him from failure to comply with this Court's rules. Pro se plaintiffs are still required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The fact Plummer filed an "objection" to the Report demonstrates he was aware of the current lawsuit, as well

3

as Wells Fargo's motion to dismiss, and the rules regarding the filing of motions and responses. Considering this is the first document Plummer has filed since he initiated this lawsuit, the Court finds his failure to prosecute is willful. Moreover, although the Report clearly laid out Plummer's lack of action in this case, Plummer chose not to respond to any of these points in his "objection," instead he merely restated the allegations in the complaint. Plummer offered no good cause for delay or failure to file, or even addressed the issue in any manner at all.

## PLAINTIFF'S OBJECTION

On October 30, 2012, Plummer filed an objection to the Report. But, Plummer's "objection" does not address the conclusion or findings of the Report and Recommendation that Plummer had failed to respond to the court-ordered timeline or prosecute his case in any way. Instead, Plummer merely repeats the allegations presented in his initial complaint. Since Plummer raises no objection to the Magistrate Judge's findings, or presents any good cause for his failure to comply with Local Rule 7.1 or file a response to the motion to dismiss, the Court finds Plummer has effectively raised no objections to the Report and Recommendation. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").[1]

## CONCLUSION

---

[1] Although Wells Fargo filed a reply on November 13, 2012, ECF No. 11, because the Court found Plummer's objection to be ineffective, the Court does not need to address Wells Fargo's reply.

4

The Court concludes that dismissal for failure to prosecute is appropriate here, and that Civil Rule 41's default rule that "dismissal under [Rule 41 for failure to prosecute] operates as an adjudication on the merits" is appropriate, and will dismiss this case with prejudice. The Court will adopt the Report as to its suggestion to dismiss the action for failure to prosecute. The Court will decline to adopt the Report's suggestion the case be dismissed without prejudice, for the reasons listed above, and dismiss the case with prejudice.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report (docket no. 8) is **ADOPTED IN PART** and **NOT ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment (docket no. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 15, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

5